UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL VANASSCHE,

    Plaintiff,

v.

SIGN FABRICATORS, INC.,

    Defendant.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, April VanAssche (hereinafter "VanAssche"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, April VanAssche is a resident of the City of New Baltimore, County of Macomb and State of Michigan.

2.    Defendant, Sign Fabricators, Inc. ("Sign Fabricators") is a Michigan corporation, whose resident agent is Timothy G. White and whose principal place of

business is 43984 N Groesbeck Hwy, Clinton Twp, MI 48036 and who is duly authorized to do business and operate within the Southeastern District of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, April VanAssche is a female who began her employment with Defendant, Sign Fabricators on or about October 1, 2017 and was most recently employed as the Office Manager.

8. Shortly after beginning her employment with Defendant, Sign Fabricators Plaintiff began to be subjected to a hostile work environment based on her sex and was sexually harassed by one of the owners of Defendant, Sign

Fabricators and co-workers.

9. Throughout her employment with Defendant, Plaintiff was repeatedly referred to in gender specific names such as "Dear", "Honey" and "Sweetie" due to her sex.

10. Plaintiff repeatedly requested that Defendant refer to her by her name, but Defendant refused to call Plaintiff by her first name.

11. Tim White, Defendant's owner, would sexually harass her and would sit outside the bathroom when Plaintiff used it sliding "reading materials" under the bathroom door in effort to intimidate Plaintiff and create a hostile work environment.

12. Throughout her employment Defendant made sexually charged comments and engaged in sexually charged conduct towards Plaintiff including, but not limited to calling her a "Dumpster slut," and asking if she was "tied up with a ball gag in your mouth."

13. In early April 2018 Plaintiff went on a vacation with her daughter to celebrate Spring Break.

14. In reference to Plaintiff's vacation with her daughter, Defendant wrote "Fuck Fest" on a whiteboard behind Plaintiff's desk.

15. Plaintiff was appropriately upset that Defendant would refer to any vacation, and in particular a vacation with her daughter as a "Fuck Fest" so she complained again about being sexually harassed and in particular the "Fuck Fest"

comment.

16. Defendant's sexually charged comments and conduct were severe and pervasive and occurred on a regular basis despite Plaintiff's requests that they stop.

17. On or about May 1, 2018 shortly after Plaintiff returned from vacation she was wrongfully terminated on the basis of sex and in retaliation for her complaints of sexual harassment.

18. During the time period in question, Defendant, Sign Fabricators was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant, Sign Fabricators is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

19. At all times relevant, Plaintiff was acting as an employee of Defendant, Sign Fabricators.

20. At all times relevant, Defendant was acting as Plaintiff's supervisor and upper management of Defendant, Sign Fabricators.

21. Defendant, Sign Fabricators through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

22. Defendants' actions were intentional, or were carried out with reckless

indifference to Plaintiff's rights and sensibilities.

23. On February 28, 2019 Plaintiff filed a Charge of Discrimination with the Michigan Department of Civil Rights alleging Sexual harassment and Retaliation pursuant to "Elliott-Larsen Civil Rights Act No. 453, Public Act of 1976, as amended" and "Title VII, US Civil Rights Act of 1964, as amended" MDCR #488257 and EEOC # 23A-2018-10401.

24. The Michigan Department of Civil Rights conducted a thorough and lengthy investigation which included interviewing principals of Defendant and on February 19, 2019 issued a determination that Plaintiff had been sexually harassed and terminated in retaliation for her complaints of sexual harassment.

25. On June 18, 2020 the EEOC issued a Right to Sue letter against Sign Fabricators for EEOC Charge No. 23A-2018-10401.

## COUNT I
## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

26. Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or co-workers based upon her sex.

28. Defendant created a hostile work environment for Plaintiff as a result

5

of sex, Plaintiff's sex and her complaints of sexual harassment.

29. Defendant Sign Fabricators is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

30. Defendant's owner Tim White was Plaintiff's supervisor pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. who participated in the sexual harassment and in the decision making to terminate Plaintiff.

31. Plaintiff has been subjected to an offensive and hostile work environment due to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendant its owners, employees and agents to the point where her status as an employee has been detrimentally affected.

32. The offensive and hostile work environment caused by Defendants substantially interfered with Plaintiff's ability to do her job.

33. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

34. Defendant and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

    b.    Retaliating against employees who make complaints of discrimination and harassment; and

    c.    Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

35. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

36. Defendant, Sign Fabricators, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a.    Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

    b.    Taking adverse employment action against Plaintiff by terminating her due to her sex; and

    c.    Retaliating against Plaintiff for her complaints of sexual harassment.

37. As a direct and proximate result of the actions of Defendant, Sign Fabricators, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

38. Because of the unlawful conduct of Defendant, Sign Fabricators, and its agents and employees, including Defendant and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity

for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## GENDER/SEX DISCRIMINATION

39. Plaintiff incorporates by reference paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex/gender.

41. Plaintiff's gender as a female caused representatives and/or employees of Defendant to subject her to disparate treatment and hostility, including calling her "Dear", "Honey", "Sweetie" and referring to her as a "Dumpster Slut."

42. The harassment suffered by Plaintiff due to her gender had the purpose and/or effect of substantially interfering with Plaintiff's employment creating an intimidating, hostile, and offensive environment due to her gender.

43. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

44. Despite having notice that Plaintiff was being discriminated against and

harassed due to her gender, Defendant failed to take any remedial action.

45. Plaintiff's sex was a factor in Defendants' employment decisions.

46. On May 1, 2018 Plaintiff was terminated due to her sex.

47. The hostility and unwelcome treatment due to Plaintiff's gender by representatives and employees of Defendant and their failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

48. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney fees.

49. Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees.

50. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

51. As a proximate result of the unwelcome treatment due to her gender by representatives and employees of Defendant, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss

of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

52. Plaintiff incorporates by reference paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender.

54. Plaintiff's sex and complaints of sexual harassment were factors in Defendants' employment decisions.

55. Defendant, Sign Fabricators was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

56. During the course of her employment with Defendant, Sign Fabricators Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment by Defendant.

57. The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or

creating an intimidating, hostile, and offensive employment environment.

58. Plaintiff engaged in a protected activity under Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* by complaining to upper management of Defendant, Sign Fabricators that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment.

59. Defendant Sign Fabricators had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

60. Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendant Sign Fabricators failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her gender and in retaliation for her complaints of sexual harassment and terminate her.

61. The sexual harassment and gender discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

62. As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other

employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  September 14, 2020

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, April VanAssche, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: September 14, 2020